UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
EDWARD OGUNMOYIN,                                                    **17-cv-**1494

                      Plaintiff,                                       **COMPLAINT**

  -against-                                                                      **JURY DEMAND**

CITY OF NEW YORK and POLICE OFFICERS
"JOHN AND JANE DOES
(the names John and Jane Does being fictitious as
their true names are presently unknown),

                      Defendants.
------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York and Police Officers "John and Jane Doe (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

**JURISDICTION**

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

6. Plaintiff, a black male, is a resident of Bronx County, State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers John and Jane Does through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief and at all times relevant herein, defendants John and Jane Does were police officers employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

**NOTICE OF CLAIM**

10. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

11. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

### FACTS COMMON TO ALL CAUSES OF ACTION

12. On or about January 13, 2015, at approximately 9:30 p.m., plaintiff was inside the apartment she shared with her partner located at 492 East 138th Street, #4B, Bronx, New York when he was assaulted and arrested by defendant officers.

13. On the date and time aforesaid, plaintiff was inside the apartment as aforesaid when defendant officers came to the apartment and told plaintiff that they were going to arrest him for trespassing.

14. Plaintiff tried to explain to the officers that he and Ashley Kelly, the primary occupant of the apartment were domestic partners and that he was not a trespasser but was authorized to be in the premises.

15. As plaintiff was explaining to the officers that he was not a trespasser, one of the officers became overly aggressive and the officers started assaulting plaintiff.

16. The officers punched and kicked plaintiff on various parts of his body and face causing him to bleed from injuries to his nose and face. Plaintiff sustained a broken nose.

17. Plaintiff was only wearing boxer shorts as he was being beaten by the officers. He pleaded with them to allow him put on some clothes. He was only allowed to put on a T-shirt.

18. Plaintiff was handcuffed to his back and transported to the precinct wearing only boxer pants and a T-shirt on a very cold winter morning because the officers would not allow him to put on proper clothing before being transported to the precinct.

19. Upon information and belief, the assault on plaintiff was captured and/or recorded on a surveillance camera which was later copied and/or retrieved by the defendants.

20. At the precinct, plaintiff was searched, fingerprinted, photographed and detained in a holding cell.

21. Plaintiff was detained in the holding cell at the precinct until early morning the following day when he was taken to the Central Booking where he was further detained in a holding cell until he was brought before a judge.

22. Plaintiff was charged with resisting arrest, harassment, criminal trespass and obstruction of governmental administration. Upon arraignment, plaintiff was released on his own recognizance.

23. Following his release, plaintiff was required to return to court on numerous occasions to defend the false charges levied against him.

24. On or about July 15, 2016, all the charges levied against plaintiff were summarily dismissed.

25. That each and every officer who responded to and/or was present at the location of plaintiff's arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

26.  Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

27. Plaintiff suffered physical injuries, including a broken nose, bruises and lacerations on his face, neck, head and shoulders. Moreover, plaintiff suffered and continues to suffer emotional

distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

28. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

29. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

30. Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

31. Plaintiff reiterates paragraphs 1 through 30 and incorporates such by reference herein.

32. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

33. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

34. Plaintiff reiterates paragraphs 1 through 33 and incorporates such by reference herein.

35. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

36. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION:
### 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

37. Plaintiff reiterates paragraphs 1 through 36 and incorporates such by reference herein.

38. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A FOURTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

40. Plaintiff reiterates paragraphs 1 through 39 and incorporates such by reference herein.

41. The defendant officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

42. As a direct and proximate result of the misconduct detailed above, plaintiffs sustained the damage herein before stated.

### AND AS FOR A FIFTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

43. Plaintiff reiterates paragraphs 1 through 42 and incorporates such by reference herein.

44. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of

its citizens, which caused the violations of plaintiffs' rights.

45. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who are black, on the pretext that they were involved in some illicit activities.

46. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

(a) The determination of probable cause to make an arrest;

(b) The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c) The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d) The very limited circumstances under which a warrantless search may be carried out.

(e) The constitutional prohibition against racial profiling.

47. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. The City of New York had been accused of racial profiling on multiple occasions. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and

unreasonable stop, frisk, search and seizure.

48. Police officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests.

49. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

50. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

51. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiffs' constitutional rights causing plaintiffs to suffer substantial damages.

## AND AS FOR A SIXTH CAUSE OF ACTION:<br>UNDER NEW YORK STATE CONSTITUTION

52. Plaintiff reiterates paragraphs 1 through 51 and incorporates such by reference herein.

53. By arresting, detaining and prosecuting plaintiff without probable cause or reasonable suspicion, and assaulting plaintiff and using excessive force against them, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

54. In addition, the defendant officers conspired among themselves to deprive plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

55. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

56. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiffs' State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR AN SEVENTH CAUSE OF ACTION: PENDENT CLAIM OF ASSAULT AND BATTERY

58. Plaintiff reiterates paragraphs 1 through 57 and incorporates such by reference herein.

59. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included beating, punching and kicking him about the face and body without cause. The use of physical force against plaintiff was willful, unwarranted, and excessive.

60. The defendant City is responsible for the excessive and unnecessary force used by the defendant officers as set forth above because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting plaintiff.

61. Upon information and belief, defendant City had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

62. By reason of and as a consequence of the assault detailed above, plaintiff suffered severe and serious physical and mental injuries.

## AND AS FOR AN EIGHT CAUSE OF ACTION: <u>PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT</u>

63. Plaintiff reiterates paragraphs 1 through 62 and incorporates such by reference herein.

64. Plaintiff was wrongfully, unlawfully and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by defendant officers and other unknown John Doe police officers.

65. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

66. The wrongful, unjustifiable, and unlawful arrest, detention and imprisonment of plaintiff was carried out without a warrant.

67. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

68. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

69. At all relevant times, the defendant officers and other John Doe police officers who were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

70. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A NINTH CAUSE OF ACTION
## PENDENT CLAIM OF GROSS NEGLIGENCE

71. Plaintiff reiterates paragraphs 1 through 70 and incorporates such by reference herein.

72. The conduct of the defendant officers in falsely arresting, detaining and battering plaintiff was grossly negligent and intended to cause plaintiff to suffer severe injury and extreme mental and emotional distress.

73. At all relevant times, said defendant officers were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

74. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       February 28, 2017

                                    LAW OFFICE OF PHILIP AKAKWAM, P.C.

                            By:           /s/
                                    Philip Akakwam, Esq.
                                    Attorneys for the Plaintiff
                                    303 Livingston Street, 2nd Floor
                                    Brooklyn, N.Y. 11217
                                    (718) 858-2488